IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>JAMES VAUGHN AMMON A/K/A JAMES VAUGHN SOTO,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20-CR-00106-DAK<br><br>Judge Dale A. Kimball |

### INTRODUCTION

This matter is before the court on Defendant's Motion to Dismiss Count V (ECF No. 74.) The court, having reviewed the parties' arguments and the law relevant to this motion, feels that a hearing is unnecessary to resolve this matter and issues the following Memorandum Decision and Order.

### DISCUSSION

The issue before the court is very narrow: is Health Care Fraud under 18 U.S.C. § 1347 a felony enumerated as a predicate offense under the federal Aggravated Identity Theft statute (18 U.S.C. § 1028A(a), (c))? The Aggravated Identity Theft statute states:

> Whoever, during and in relation to any felony violation *enumerated in subsection (c)*, knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1) (emphasis added). Subsection (c) defines "the term 'felony violation enumerated in subsection (c)'" as "any offense that is a felony violation of— . . . (5) any provision contained in chapter 63 (relating to mail, bank, and wire fraud)." *Id.* at (c)(5). Health

1

Care Fraud (18 U.S.C. § 1347) is found in Chapter 63 (Mail Fraud and Other Fraud Offenses) of Title 18 (Crimes and Criminal Procedure) of the United States Code.

Defendant argues that the parenthetical term "(relating to mail, bank, and wire fraud)" limits Chapter 63's application as an enumerated felony to only crimes that are strictly listed as "mail," "bank," or "wire fraud." Thus, according to Defendant, since "[t]he term 'Health Care Fraud' and the specific statutory number '18 U.S.C. § 1347' are not articulated anywhere in the applicable subsection (c)" that Health Care Fraud is not an "enumerated felony" and, therefore, cannot support a violation of the Aggravated Identity Theft statute. This argument has no merit—and Defendant's own motion proves as much.

Defendant cites three circuit court opinions that have decided this issue without controversy. Each of these circuits easily disposes of the same argument raised by Defendant by noting "that the parentheticals within [subsection (c)] are intended to describe the nature of each chapter or section enumerated. [The parentheticals] are not intended to limit the predicate felonies to which they pertain." *United States v. Abdur-Rahman*, 708 F.3d 98, 101 (2d Cir. 2013); *see also United States v. Harrell*, 637 F.3d 1008, 1012 (9th Cir. 2011) (noting that the "parentheticals serve as descriptive aids intended by Congress to make reading the statute easier, so that one does not have to look up each citation to see what it is about." (citation omitted)); *United States v. Perischilli*, 608 F.3d 34, 40 (1st Cir. 2012) (noting that the parentheticals "provide[] a short-hand description of what several of the cited sections primarily cover.") The conclusion reached by these courts is obvious. At the risk of belaboring the point, the court will compare the parentheticals of 18 U.S.C. § 1028A(c)(5), (6), and (7) with the chapter titles to which they refer. As will be quite plain, the parentheticals clearly are descriptions—or exact copies—of the chapter titles:

2

- 18 U.S.C. § 1028A(c)(5) references "chapter 63 (relating to mail, bank, and wire fraud)." The title of Chapter 63 is "Mail Fraud and Other Fraud Offenses."
- 18 U.S.C. § 1028A(c)(6) references "chapter 69 (relating to nationality and citizenship)." The title of Chapter 69 is "Nationality and Citizenship."
- 18 U.S.C. § 1028A(c)(7) references "chapter 75 (relating to passports and visas)." The title of Chapter 75 is "Passports and Visas."

Thus, the court concludes that the parenthetical information contained in subsection (c)(5) is not limiting language, but descriptive. Accordingly, 18 U.S.C. § 1028A(c)(5) applies to Health Care Fraud (18 U.S.C. § 1347) and, therefore, Health Care Fraud is an "enumerated felony" for the purposes of 18 U.S.C. § 1028A(a)(1).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Count V (ECF No. 74) is DENIED.

DATED this 11th day of February, 2021.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge